I concur in those portions of the opinion relating to the income-tax dependency issue, the post-minority educational support issues, and the attorney-fee issue. However, I dissent as to the remainder of the opinion.
The trial court did not err in failing to reserve the issue of periodic alimony. Based upon the wife's testimony that her medical condition did not prevent her from working, the court could have concluded that there was no sound reason to reserve the issue of periodic alimony.
The trial court did not err in awarding the wife only $20,000 of the husband's 401(k) plan. The wife was awarded the $30,000 equity in the marital home. These two amounts combined exceed one-half of the 401(k) plan. Compare § 30-2-51(b)(3), Ala. Code 1975 (limiting the award of retirement benefits payable to the noncovered spouse to 50%).
The trial court did not err in failing to require the husband to pay the wife COBRA medical insurance benefits. The wife presented no evidence of the cost of this insurance and, therefore, this court cannot make a reasoned determination as to whether the failure to award the benefit was erroneous. The wife was awarded $2,400 from the sale of the Dean Food stock and the ownership of an insurance policy that had a cash value of $7,500. The judge could have concluded that $9,900 would be sufficient to pay the insurance premium for the maximum 36 months available under COBRA.
Pittman, J., concurs.